**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DEVORA SHABTAI,**

              Plaintiff,

    -against-

**GOLDIE SHABTAI; NEW YORK GUARDIANSHIP SERVICES; DAVID BLAU; JEREMY SILBERT; MORDECHAI BULS; PETER STRAUSS; KEN BAROCAS; MORGAN RUSSELL; DANIEL MILLER,**

              Defendants.

20-cv-10868 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, United States District Judge:**

Plaintiff Devora Shabtai brings this pro se action, for which the filing fee has been paid, invoking the Court's federal question and supplemental jurisdiction, 28 U.S.C. §§ 1331, 1367. The Court dismisses the complaint without prejudice for the reasons set forth below.

**STANDARD OF REVIEW**

The Court has the authority to dismiss sua sponte a complaint for which the filing fee has been paid where the pleading presents no arguably meritorious issue, see Fitzgerald v. First East Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam), or for lack of subject matter jurisdiction, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999), so long as the plaintiff is given notice and "an opportunity to be heard." Thomas v. Scully, 943 F.2d 259, 260

(2d Cir. 1991) (per curiam); see also Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988). The Court is obliged, however, to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This complaint relates to a guardianship proceeding in Kings County regarding the plaintiff's since-deceased mother. Named as defendants are Goldie Shabtai, the plaintiff's sister; New York Guardianship Services ("NYGS"); David Blau, the executive director of NYGS; Jeremy Silbert, the guardian acting on behalf of the NYGS; Mordechai Buls, an attorney for NYGS; Peter Strauss, Goldie Shabtai's lawyer; Ken Barocas, the court-appointed lawyer for plaintiff's mother; Morgan Russell, the plaintiff's former lawyer in the guardianship proceedings; and Daniel Miller, the court evaluator. The plaintiff and all defendants, except Goldie Shabtai, reside in New York; Goldie Shabtai resides in Israel. The plaintiff invokes the Court's federal question and supplemental jurisdiction, alleging a civil rights violation and several state law claims, and she seeks millions of dollars in damages.

The gist of the complaint is that the defendants have violated the plaintiff's civil rights and committed other misconduct in the state court guardianship proceeding. The plaintiff alleges that the defendants have tried to have her committed to a mental hospital. (Am. Compl. ¶ 67.) The plaintiff accuses her sister Goldie of being "delusional" and of engaging in crime. (Id. ¶¶ 22, 25). According to the plaintiff, the defendants conspired to use the guardianship proceedings to override the plaintiff's father's will and gain control of her parent's estate. (Id. ¶ 4.)

## DISCUSSION

**A.  Federal Claims**

The plaintiff invokes the Court's federal question jurisdiction, and alleges generally that the defendants violated her civil rights. The Court construes this assertion as alleging claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." West v. Atkins, 487 U.S. 42, 48-49 (1988).

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that [her] constitutional rights have been violated must first establish

3

that the challenged conduct constitutes state action." Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) (internal quotation marks omitted); American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983.") (quotations omitted). "State action requires both . . . the exercise of some right or privilege created by the State" and the involvement of "a person who may fairly be said to be a state actor." Flagg v. Yonkers Sav. & Loan Ass' n, FA, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and brackets omitted).

The representation of a defendant by private counsel generally does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, even where the attorney is appointed by the court. See Bourdon v. Loughren, 386 F.3d 88, 90 (2d Cir. 2004) (citing Polk Cnty. v. Dodson, 454 U.S. 312, 324-25 (1981)); see also Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). Similarly, other private entities and individuals acting pursuant to court orders are not considered state actors. See Galanova v. Portnoy, 432 F. Supp.3d 433, 445-46 (S.D.N.Y. 2020); Duboys ex rel. Duboys v. Bomba, 199 F. Supp.2d 166, 170 (S.D.N.Y. 2002) ("[A] court appointment of a private

4

individual is not sufficient to establish state action."), aff'd sub nom, Duboys v. Bomba, 62 F. App'x 404 (2d Cir. 2003) (summary order). Thus, the fact that NYGS, Jeremy Silbery, Ken Barocas, and Daniel Miller were appointed by the state court judge presiding over the guardianship proceeding to act as the temporary guardian, lawyer, and court evaluator for the plaintiff's mother, respectively, is insufficient to show that they acted under color of state law.

In the amended complaint, the plaintiff also mentions an "ADA claim," Am. Compl. at 1, but does not provide any explanation or additional detail of the substance of any claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). Without further detail, the Court cannot determine the basis for any ADA claim but makes the following observations. Title I of the ADA prohibits distrimination "against a qualified individual on the basis of disability" by "covered entit[ies]" in regard to "job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment," 42 U.S.C. § 12112(a), and defines "covered entit[ies]" as "an employer, employment agency, labor organization, or joint labor-management committee," id. § 12111(2). Because none of the defendants here are covered entities in relation to the plaintiff, Title I of the ADA is

5

plainly inapplicable. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity," id. § 12132(a), and "public entity" is defined as "any State and local government," "any department, agency, special purpose district, or other instrumentality of a State or States or local government" and "the National Railroad Passanger corporation, and any commenter authority," id. §§ 12131(1)(A)-(C). For the same reasons that none of the defendants qualify as state actors for purposes of Section 1983, none of them are a "public entity." See Green v. City of N.Y., 465 F.3d 65, 79 (2d Cir. 2006) (interpreting "instrumentality of a State" to mean "a creature of a state or municipality" and rejecting a claim that a private hospital performing services under contract with a city was a "public entity"). Finally, Title III of the ADA prohibits discrimination on the basis of disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accomodation," 42 U.S.C. § 12182(a), and "full and equal enjoyment of specified public transcoporation services," id. § 12184(a). The plaintiff has

failed to make any specific allegation that this provision was violated.

Because the plaintiff has failed to provide facts suggesting state action to support a Section 1983 claim, or sufficient details to support an ADA claim, the federal claims are **dismissed** without prejudice.

**B.   State Law Claims**

With respect to the remaining claims, all brought under various state laws, unless the Court finds that it has diversity jurisdiction, the Court must determine whether to exercise supplemental jurisdiction.

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendants are citizens of different states. Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. See 28 U.S.C. § 1332(a); Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

The plaintiff indicates in the complaint that she and all but one of the defendants reside in New York. The plaintiff has failed to allege that she and the defendands are citizens of different states and therefore she has failed to allege complete

7

diversity of citizenship. Accordingly, the Court lacks diversity jurisdiction over this matter.

Pursuant to 28 U.S.C. § 1367, federal courts can exercise supplemental subject matter jurisdiction over state law claims that derive from the same "common nucleus of operative fact" as the federal claims brought in the same action. Briarpatch Ltd., L.P. v. Phx. Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004). However, once the Court dismisses the federal claims, the Court may decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3); Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

Because the Court has dismissed the federal claim brought in this action, it may decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity' in deciding whether to exercise jurisdiction." Kolari, 455 F.3d at 122 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n.7. This is plainly the case here. After dismissing the federal claims,

8

the Court's duty would be limited to considering state law claims. Such "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Furthermore, the pre-discovery stage of the litigation means that the factors of judicial economy, convenience, fairness, and comity point toward declining supplemental jurisdiction. See Page v. Oath Inc., No. 17-cv-6990, 2018 WL 1406621, at *4 (S.D.N.Y. Mar. 20, 2018), aff'd sub nom, Page v. United States Agency for Glob. Media, 797 F. App'x 550 (2d Cir. 2019).

Accordingly, the state law claims are **dismissed** without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

For reasons stated above, the amended complaint is **dismissed** without prejudice. The Court grants Plaintiff 30 days' leave to file an amended complaint that addresses the deficiencies set forth in this order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of

an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**April 16, 2021**
**New York, New York**

                                             /s/ John G. Koeltl
                                                   **JOHN G. KOELTL**
                               **United States District Judge**