**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
──────────────────────────────────────

**DEVORA SHABTAI,**                              20 Civ. 10868 (JGK)

        Plaintiff,                    ORDER

   - against -

**GOLDIE SHABTAI,**

        Defendant.

──────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The Defendant, Goldie Shabtai, has, in fact, answered the Complaint. A copy of the Answer is attached to this Order. Therefore, no extension of time to serve is required. The Clerk is directed to mail a copy of this Order and its attachment to the pro se Plaintiff, Devora Shabtai.

**SO ORDERED.**

**Dated:**  New York, New York
       August 17, 2021

                              /s/ John G. Koeltl
                                John G. Koeltl
                       United States District Judge

Case 1:20-cv-10868-JGK-HP Document 29-3 Filed 08/02/21 Page 2 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Devorah Shabtai
(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

- against -

20 CV. 10868 (JGK___)

**ANSWER**

Goldie Shabtai

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

## I
### ADMISSIONS AND DENIALS

In this section, state which factual allegations in the complaint you admit to and which factual allegations you deny. You should refer to the complaint paragraph by paragraph (and sentence by sentence within each paragraph), in the same order as the paragraphs and sentences appear in the complaint. Attach additional sheets of papers as necessary.

1. Dear Honorable Judge Koetle,
2. 
3. I have responded in a three
4. page answer.
5. Thank You
6. 
7. 
8. 
9. 
10. 

*Rev. 05/2007*

1

## II
### DEFENSES

In this section, state any legal theories that, even assuming that what plaintiff has alleged in the complaint is true, do not permit the plaintiff to win the case. Attach additional sheets of paper as necessary.

FIRST DEFENSE: This is not a federal matter - a dispute in Surrogate court

SECOND DEFENSE: I live in ISRAEL

THIRD DEFENSE: This a continuos action of the plaintiff - just out of greed

**WHEREFORE** defendant asks this Court to dismiss the complaint and enter judgment in favor of defendant.

*[If you have any counterclaim against the plaintiff that arises out of the same events or transactions stated in the complaint, and/or any crossclaims against the other defendants that arise out of the same events or transactions stated in this complaint, and/or any third-party claims you have against third-parties (that is, someone not already named in the lawsuit) that arise out of the same events or transactions stated in the complaint, you should attach additional sheets of paper to set forth the facts and bases for any such claims. See the Pro Se Manual for a further explanation.]*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 02 day of August, 2021

Signature of Defendant: Noldie Slabla

Address: yohanan Bader 6
Ramat - Gan
Israel

Telephone Number: 972-50-5592415

Fax Number (if you have one): ___

Rev. 05/2007

2

Scanned with CamScanner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Devorah Shabtai
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

___ Civ. _____ ( ) ( )
20-CV- 10868 (JGK)
**NOTICE OF APPEARANCE**

Goldie Shabtai

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

Please take notice that I, __Goldie Shabtai__, a defendant in
*(name)*
this action, hereby appear *pro se* and that all future correspondence and papers in connection with this action are to be directed to me at the address indicated below.

Dated: __Ramat-gan__, __Israel__
       *(town/city)*   *(state)*
       __August 02__, 20__21__

__Goldie Shabtai__
Signature of Defendant

__Yohanan Bader 6__
Address

__ramat-gan, Israel__
City, State & Zip Code

__972-50-5592415__
Telephone Number

_____
Fax Number (if you have one)

Rev. 05/2007

3

Scanned with CamScanner

United States District Court
Southern District of New York

Re: Civil Action No. 20-CV-10868(JGK)

Your Honor:

My name is Zehavit Michael, and I am also known as Goldie Shabtai. I am a US citizen, but have resided in Israel from the age of 17 [circa 1984]. As the sole Defendant in the above action, I wish to remind the Court, this is the 3rd time the Plaintiff in this action [Devora Shabtai] is before this Court.

This is a frivolous suit, without merit, and continues the Plaintiff's lifelong pattern of filing suits on a per se basis -- in the U.S. As a result of her behavior, Devora has been incarcerated, committed, lost custody of her children, and lives isolated in Brooklyn [from her ex-husband and children residing in Florida].

In addition to consuming precious legal resources in the U.S., the Plaintiff has also left an extensive trail of unpaid legal bills in the U.S. totaling many tens of thousands of dollars. I respectfully request the Court dismiss this suit with prejudice, since it is an end-run of her prior actions [before the Court], and an attempt to abscond with Estate assets [of our deceased parents]. It should be noted, our parents' Estates are the subject of two separate actions filed by my attorney Peter Strauss, with the Kings County Surrogate Court, and an ongoing investigation by the Brooklyn District Attorney concerning said Estate assets.

Further to the above, below are a plethora of facts, which can be easily documented by Kings County and Brookdale hospitals, the Kings County Court-appointed-guardian [New York Guardianship Services], other court actions & transcripts, records of the rehab facility [The Phoenix Rehabilitation and Nursing Center] where my mother passed-away, and several attorneys [Daniel Miller and Ken Barocas] both appointed by the Kings County Guardianship Court.

These are the facts relevant to my request for dismissal of this suit:

- I do not believe events leading up to the death of our parents are a matter of Federal jurisdiction, but rather Surrogates Court, and potentially criminal court [if it is established the Plaintiff Devora took Estate assets under false pretenses].
- The Plaintiff Devora originally initiated a Guardianship Petition for our father [Shimon Shabtai] – without including [and notifying] myself and his siblings]. Her sole objective was then, and continues now, to be appointed sole guardian and have total control of family assets [real estate, bank accounts and safe deposit boxes] in the U.S.

Scanned with CamScanner

- At the time of my father's death [on October 19th, 2019], the Plaintiff Devora simply scratched off our father's name, and substituted our mother's [Miriam Shabtai], again failing to include and notify me, or her siblings.
- In early November 2019, I came to the U.S. to pay my respects at our father's grave. At that time, I was notified by Julissa Wilde, of JASA, that a guardianship action, instituted by the Plaintiff [my sister Devora], was pending for our mother.
- Immediately, I went to the Kings County Guardianship Court obtained a copy of the filing, and met with the attorney appointed to represent the Court: Daniel Miller.
- At that time, and many times thereafter, I strongly urged that our mother be immediately allowed to reside in Israel, where she had 5 siblings, 2 grandchildren and 5 great grandchildren ---in addition to myself. I tried in vain, to make the case to the Guardianship Court [Judge Ottley], the Court's attorney [Daniel Miller], an attorney appointed to represent my mother [Ken Barocas], and numerous others that Miriam Shabtai, 76 at the time, had just lost her husband of 60 years, and was despondent and depressed – but that's all!
- Ultimately, I had no alternative other than to obtain legal counsel [Peter Strauss], and pursuant to his advice file a cross petition to address omissions, errors and outright falsehoods in the Plaintiff Devora's original Guardianship filings.
- In the interim, before a Guardianship Court hearing, or protective actions by any attorneys could be instituted, the Plaintiff Devora made a fraudulent filing with the Kings County Surrogates Court [**again intentionally omitting me as a distributee**] and had herself appointed "temporary administrator."
- By mid-November 2019, a scant 2 months after our father's death, the Plaintiff Devora used the ill-gotten "temporary administrator appointment" to remove the contents of safe deposit boxes, at Chase Manhattan Bank, containing millions in gem stones. The safe deposit boxes contents were manually recorded by the bank, and also captured on videotape. This matter has been referred to the Brooklyn District Attorney.
- In February, 2020, I travelled to New York City to testify at the first of several Guardianship Court hearings. Due to time constraints, after my testimony, the first hearing was adjourned. Shortly thereafter, I returned to Israel.
- In early March 2020, the pandemic interceded, and additional Guardianship hearings were conducted remotely; I participated remotely in those hearings.
- During the height of the pandemic, on several occasions, the Plaintiff Devora had our mother forcibly removed from her home, and taken to first to Kings County Hospital -- and then later to Brookdale Hospital. Her own attorney at the time [Russel Morgan] labeled the Plaintiff Devora's actions "arbitrary."
- Concerned for my mother safety, I requested Mr. Strauss to petition the Guardianship Court for appointment of a temporary guardian, after over one month of not being able to communicate with my mother either via phone, Facetime or Skype.
- In May 2020, only after my threatening to notify the NYPD was Jeremy Silbert [an accountant at NY Guardianship Services] able to learn our mother was

Scanned with CamScanner

- discharged from Brookdale Hospital, and admitted solely by the Plaintiff Devora to the Phoenix Rehab' Center.
- In spite of my outcries and writing Judge Ottley, Mr. Strauss advised: Messrs. Miller and Barocas were of the opinion my mother was safer in the rehab' center than with the Plaintiff Devora.
- On December 21st, 2019, my attorney Peter Strauss learned from Modechai Buls, an attorney at NY Guardianship Services, my mother tested positive for COVID-19 on December 17th after found to have a fever. Mr. Buls stated that: "Mary Shabtai is currently being isolated on a unit with other COVID-19 positive patients. She had an x-ray done to check for pneumonia and is on antibiotics. They [Phoenix rehab] are monitoring her and other residents around the clock. Phoenix Rehab has every patient under COVID-19 quarantine monitored by a team of nurses and a physician who have been providing them care since the beginning of the pandemic. She [Miriam] is stable. There are no plans to hospitalize her at this time."
  On December 27th, 2019, Jeremy Silbert of NY Guardianship Services, circulated an e-mail to multiple parties that my mother died on December 26th, 2019.
- At no time, throughout the Guardianship proceedings did the Plaintiff [Devora] request the Guardianship Court, any of the attorneys' involved in the proceeding, or The Phoenix Rehab' facility to release my mother and return her home.

In summary, the Plaintiff [Devora] instituted two Guardianship petitions, placed my mother on Medicaid and had her hospitalized multiple times, placed her covertly in a rehab' facility, and now decries the outcome and the associated expenses, which have resulted in $97,000 in property liens.

For too many years, in this matter and others, the Plaintiff [Devora] has used the court systems in the U.S. as a diversion -- to distract and delay from her being held accountable for nefarious deeds.

I again request the Court dismiss this frivolous action with prejudice, and sanction the Plaintiff [Devora] for expenses incurred.

*Moldie Shabtai*

Scanned with CamScanner