UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DEVORA SHABTAI,

                Plaintiff,

       - against -

GOLDIE SHABTAI,

             Defendant.
_____

20-cv-10868 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The pro se plaintiff, Devora Shabtai, brought tort claims against her sister, Goldie Shabtai, a.k.a. Zehavit Michael. The defendant now moves to dismiss to complaint. For the following reasons, the motion to dismiss is construed as a motion for judgment on the pleadings and is **denied** without prejudice.

I.

    The plaintiff first filed a complaint in this action on December 23, 2020. ECF No. 1. She filed an amended complaint on April 14, 2021. ECF No. 18 ("First Amended Complaint"). The First Amended Complaint named several defendants, including the plaintiff's sister, Goldie Shabtai. Id. Other than Goldie Shabtai, all the defendants named in the First Amended Complaint resided in New York. Id. On April 16, 2021, the Court dismissed the First Amended Complaint without prejudice for lack of subject matter jurisdiction, because the First Amended Complaint alleged neither a federal question nor complete diversity of citizenship. ECF No. 19.

On May 17, 2021, the plaintiff filed another amended complaint, which named as a defendant only Goldie Shabtai. ECF No. 21 ("Second Amended Complaint"). The Second Amended Complaint alleged that the defendant was a resident of Israel. Id. On August 2, 2021, the defendant, who is also pro se, filed an answer to the Second Amended Complaint. ECF No. 29. On September 24, 2021, the defendant made a filing styled as an "Answer and Motion to Dismiss," in which she admitted in part and denied in part the allegations in the Second Amended Complaint, and argued that the Second Amended Complaint should be dismissed. ECF No. 40.

For the following reasons, the motion to dismiss the Second Amended Complaint is construed as a motion for judgment on the pleadings and is **denied** without prejudice.

## II.

### A.

Pro se filings should be liberally construed and read to "raise the strongest arguments they suggest." United States v. Pilcher, 950 F.3d 39, 44 (2d Cir. 2020).[1]

The defendant first argues that the Second Amended Complaint should be dismissed because "all allegations [therein] are the same as in the prior complaints." ECF No. 40 ¶ 3. The

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

Court construes this as an argument that the plaintiff's claims are barred by claim preclusion. See Senatore v. Ocwen Loan Servicing, LLC, No. 16-cv-8125, 2017 WL 3836056, at *4 (S.D.N.Y. Aug. 31, 2017).

The defendant also argues that the Second Amended Complaint should be dismissed because the Second Amended Complaint "reiterates [the plaintiff's] prior claim for jurisdiction without providing any additional information or curing any deficiencies." ECF No. 40 ¶ 4. The Court construes this as an argument that the Court lacks subject matter jurisdiction over the dispute. The Court must moreover satisfy itself that it has subject matter jurisdiction before considering the merits of a case. E.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).

### B.

"[A] motion to dismiss for failure to state a claim [under Rule 12(b)(6)] (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings[] should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." Patel v. Contemp. Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

A motion to dismiss for claim preclusion falls under the aegis of Rule 12(b)(6). See Day v. Moscow, 955 F.2d 807, 811 (2d

Cir. 1992). Accordingly, the defendant's assertion of claim preclusion is a post-pleading "motion to dismiss for failure to state a claim . . . styled as arising under Rule 12(b)" that should be construed as a motion for judgment on the pleadings. Patel, 259 F.3d at 126.

Under Rule 12(h), a defense that the Court lacks subject matter jurisdiction is not waivable. The defendant's motion to dismiss for lack of subject matter jurisdiction is therefore a post-pleading "motion to dismiss for . . . [a] non-waivable defense[] under Rule 12(h)[] that is styled as arising under Rule 12(b)," and should likewise be construed as a motion for judgment on the pleadings. Patel, 259 F.3d at 126.

### C.

On a motion for judgment on the pleadings, the Court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." Id. The Court will not dismiss the Second Amended Complaint unless it does not "state any set of facts that would entitle [the plaintiff] to relief." Id.

### III.

### A.

The plaintiff's claims are not barred by claim preclusion. Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were . . . raised in that action.

4

However, a dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no [claim preclusive] effect." St. Pierre v. Dyer, 208 F.3d 394, 399–400 (2d Cir. 2000).

In this case, although the Court did dismiss the First Amended Complaint, it did so for lack of subject matter jurisdiction. The Court expressly stated that the dismissal was without prejudice. "[T]he phrase 'without prejudice' literally and precisely means that the judgment in the first action shall not prejudice, i.e., bar, the later action." See Raine v. Paramount Pictures Corp., No. 97-cv-3553, 1998 WL 655545, at *8 (S.D.N.Y. Sept. 24, 1998). As such, the Court's dismissal was not a final judgment on the merits, and the plaintiff's claims are not barred by claim preclusion.

**B.**

The Court also has subject matter jurisdiction over the action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege complete diversity, which exists where no plaintiff is a citizen of the same state as any defendant. Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998). In addition, the amount in controversy must "exceed[] the sum or value of $75,000," the statutory jurisdictional amount. 28 U.S.C. § 1332(a). A plaintiff may aggregate multiple claims against a given

defendant to meet the amount-in-controversy requirement.
Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221
(2d Cir. 2006). Where the complaint does not "specifically
allege the amount of damages[,] . . . the Court must review the
facts the plaintiff[] ha[s] alleged to determine whether any of
the . . . facts justify[] damages that would satisfy the amount
in controversy threshold." Sarfraz v. Vohra Health Servs., PA,
663 F. Supp. 2d 147, 150 (E.D.N.Y. 2009). The Court will not
dismiss the complaint unless the defendant shows "to a legal
certainty" that the amount in controversy requirement is not
met. Colavito, 438 F.3d at 221.

In this case, the plaintiff is a citizen of New York, and
the defendant is a citizen of Israel. Accordingly, there is
complete diversity. Moreover, while the Second Amended Complaint
does not state the specific relief sought, the plaintiff brings
five distinct claims: intentional infliction of emotional
distress, defamation, fraud, negligence, and wrongful death. The
defendant has not shown to a legal certainty that this
combination of claims could not result in over $75,000 of
damages. See Sarfraz, 663 F. Supp. 2d at 151. Accordingly, the
amount-in-controversy requirement is met, and the Court has
diversity jurisdiction over the action.

It is true that, as the defendant notes, the Second Amended
Complaint does not "provid[e] any additional information"

6

regarding diversity jurisdiction. See ECF No. 40 ¶ 4. However, the Second Amended Complaint, unlike the First Amended Complaint, does not name as defendants any New York residents: the only defendant is Goldie Shabtai, who resides in Israel. Accordingly, the deficiency that was present in the First Amended Complaint — lack of complete diversity — is cured in the Second Amended Complaint.

In her reply, the defendant notes the "long-standing tradition that matters of family dispute are to be heard in State Court rather than in Federal Court." ECF No. 51. The Court may, in its discretion, review arguments raised for the first time on reply. See Ruggiero v. Warner-Lambert Co., 424 F.3d 249, 252 (2d Cir. 2005). Because the plaintiff filed a letter after the reply addressing this argument, cf. id., and because the domestic relations exception to diversity jurisdiction, like other arguments about subject matter jurisdiction, is not waivable, Knize v. Knize, No. 3:07-cv-872, 2007 WL 1771545, at *1 (D. Conn. June 15, 2007), the Court will consider this argument.

"[T]he domestic relations exception [to diversity jurisdiction] . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). The exception is limited to those kinds of cases, and does not relieve the Court of its

obligation to hear a dispute merely because it is among family members or relates to intra-family disputes. See id. at 691, 704. In this case, the plaintiff raises several tort claims against the defendant. These claims are not the kinds of claims that fall within the narrow "domestic relations" exception to diversity jurisdiction. See id. at 691, 703-04. Accordingly, the exception is inapplicable to this case, and the Court has subject matter jurisdiction.

### C.

Because there may be other grounds for dismissal not addressed in this motion to dismiss, the defendant's motion is denied without prejudice to renewal for any legal defect. See Bloom v. N.Y. City Bd. of Educ., No. 00-cv-2728, 2002 WL 484689, at *1 (S.D.N.Y. Mar. 29, 2002).

### Conclusion

For the foregoing reasons, the motion to dismiss the Second Amended Complaint is construed as a motion for judgment on the pleadings and is **denied** without prejudice to renewal. The Clerk is directed to mail a copy of this Memorandum Opinion Order to each of the pro se parties and to note service on the docket.

SO ORDERED.
Dated:     New York, New York
           December 7, 2021

                                      John G. Koeltl
                                 United States District Judge