UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

DEVORA SHABTAI,
                         Plaintiff,          20-cv-10868 (JGK)

          - against -                        MEMORANDUM OPINION
                                             AND ORDER
GOLDIE SHABTAI,
                         Defendant.
─────────────────────────────────

JOHN G. KOELTL, District Judge:

     The pro se plaintiff, Devora Shabtai, brought this action

against her sister, Goldie Shabtai, a.k.a. Zehavit Michael. The

defendant, after having filed an answer, see ECF Nos. 29, 40,

filed a motion for judgment on the pleadings pursuant to Federal

Rule of Civil Procedure 12(c), arguing that the Court lacks

subject matter jurisdiction. ECF No. 57. The defendant then

filed another motion for judgment on the pleadings addressing

the merits of the plaintiff's claims. ECF Nos. 85, 86. For the

following reasons, the first motion is **granted**, and the second

motion is **denied** as moot.

     "Where a Rule 12(c) motion asserts that a court lacks

subject matter jurisdiction, the motion is governed by the same

standard that applies to a Rule 12(b)(1) motion." Cruz v. AAA

Carting & Rubbish Removal, Inc., 116 F. Supp. 3d 232, 239

(S.D.N.Y. 2015). Accordingly, "[a]s the party seeking to invoke

the subject matter jurisdiction of the district court, the

plaintiff bears the burden of demonstrating by a preponderance

of the evidence that there is subject matter jurisdiction in the case." Eugenia VI Venture Holdings, Ltd. v. Surinder Chabra, 419 F. Supp. 2d 502, 505 (S.D.N.Y. 2005). The Court "may resolve disputed jurisdictional facts by referring to evidence outside the pleadings."[1] Id.

Under 28 U.S.C. § 1332(a), a federal court has subject matter jurisdiction over an action that is between "(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state." A United States citizen domiciled abroad, however, is "stateless" for the purpose of § 1332, and is therefore "neither [a] citizen[] of any state of the United States nor [a] citizen[] or subject[] of a foreign state." Force v. Facebook, Inc., 934 F.3d 53, 74-75 (2d Cir. 2019). Accordingly, such a person fits into none of the categories contemplated by § 1332, and "a suit by or against [a] United States citizen[] domiciled abroad may not be premised on diversity." Id.

---

[1] Under Local Rule 12.1, special procedures are applicable where a represented party refers to matters outside of the pleadings in support of a motion for judgment on the pleadings against a pro se party. However, these procedures are only applicable where the movant is represented by counsel. Because the defendant is also pro se, the defendant is not required to comply with these procedures in this case. In any event, the Court can dismiss a case sua sponte for lack of subject matter jurisdiction and it is clear that the Court lacks subject matter jurisdiction in this case.

In this case, the parties agree that the defendant is
domiciled in Israel, and the defendant has provided evidence
that she is a United States citizen, namely, her passport. ECF
No. 106. The official United States passport documents that the
defendant is a citizen of the United States. The plaintiff
disputes that the defendant is a United States citizen, see ECF
No. 103, but the plaintiff's conclusory assertions are
insufficient to call into question the defendant's citizenship:
the plaintiff must "come forward with evidence of [her] own to
controvert that presented by the defendant." Glaser v. Upright
Citizens Brigade, LLC, 377 F. Supp. 3d 387, 393 (S.D.N.Y. 2019).
Because the plaintiff has proffered no such evidence, the
plaintiff has failed to meet her burden of proving
jurisdictional facts by a preponderance of the evidence. The
Court therefore lacks diversity of citizenship subject matter
jurisdiction under 28 U.S.C. § 1332. See id. at 146.

Because the operative complaint brings only state law
claims, see ECF No. 21, the Court also lacks subject matter
jurisdiction under 28 U.S.C. § 1331. In any event, the plaintiff
does not argue that there is any other basis for subject matter
jurisdiction, and the Court therefore lacks subject matter
jurisdiction.

**CONCLUSION**

The Court has considered all of the arguments of the parties. To the extent not addressed above, the arguments are either moot or without merit. For the reasons explained above, the first motion for judgment on the pleadings, ECF No. 57, is **granted.** The second motion for judgment on the pleadings, ECF No. 85, is therefore **denied** as moot. The Clerk is directed to enter judgment dismissing this action without prejudice. The plaintiff has not sought leave to file an amended complaint and any amendment would be futile. The Clerk is directed to close all pending motions and to close this case. The Clerk is directed to mail a copy of this Memorandum Opinion and Order to the pro se parties.

**SO ORDERED.**
**Dated:**    **New York, New York**
          **June 10, 2022**

                                    John G. Koeltl
                              United States District Judge

4